

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 3:15-00629-MGL-1 |
| | § | |
| CHARLES NOBLE, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS
FOR RECONSIDERATION AND TO COMPEL**

**I.     INTRODUCTION**

Pending before the Court is Defendant Charles Noble's (Noble) pro se motions for reconsideration in light of *United States v. Davis*, __ U.S. __, 139 S.Ct. 2319 (2019) and to compel. Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court Noble's motions for reconsideration and to compel will be dismissed.

Although some circuits broadly allow for motions for reconsideration in criminal cases, *see United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper.") (internal quotes omitted), the Fourth Circuit has limited the propriety of trial court jurisdiction over motions to reconsider in criminal cases to before the entry of judgment. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985).

## II. PROCEDURAL HISTORY

The grand jury indicated Noble on three counts: 1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); 2) violations of the Hobbs Act, 18 U.S.C. § 1951(a); and 3) a violation of 18 U.S.C. § 924(c)(1)(A)(ii). Under 18 U.S.C. § 924(c), a criminal receives a sentence enhancement if he "uses or caries a firearm" "during and in relation to any crime of violence or drug trafficking crime." The government dismissed Count one of the indictment and he pled guilty to the second and third counts. The Court entered the judgment on October 29, 2018. The Clerk of Court entered these motions on September 6, 2019.

## III. DISCUSSION AND ANALYSIS

Noble's filing fails to draw a distinction between the two motions and the Court reads them to both request relief based upon the Supreme Court's ruling in *Davis*. The Court lacks jurisdiction to consider either motion as they collaterally attack the judgment after entry. *See Breit*, 754 at 530 (noting 28 U.S.C. §§ 2241 and 2255 are the appropriate avenues for collateral attacks on criminal judgments). The Court notes Noble can still file under Section 2255 until October 29, 2019. But, even if the Court did have jurisdiction to hear the present motion, it would fail on the merits.

Section 924(c) defines a crime of violence either as a felony either (1) with "an element [of] the use, attempted use, or threatened use of physical force against the person or property of another, or . . . [(2)] that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). The first clause is known as the force clause and the second as the residual clause.

In *Davis*, the Supreme Court held the residual clause of Section 924(c) is unconstitutionally vague, but the force clause remains in effect. *Davis*, 139 S.Ct. at 2323. The Fourth Circuit, post-

*Davis*, held a conviction under the Hobbs Act qualifies as a crime of violence under the force clause. *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019). Because Noble pled guilty to a violation of the Hobbs Act, Section 924(c) still applies to Noble.

**IV.     CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Noble's motions for reconsideration and to compel are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed this 25th day of September, 2019, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE